UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THEODORA F. ANTAR,<br>    *Defendant*. | No. 3:23-cr-194 (JAM) |

## ORDER FOR SUMMARY REMAND

Theodora Antar has filed a notice of removal seeking to remove her state criminal case to this Court. Because it is clear that there is no lawful basis for removal, I will summarily remand Antar's case back to state court pursuant to 28 U.S.C. § 1455(b)(4).

### BACKGROUND

Antar has been criminally charged in the Ansonia-Milford Judicial District of the Connecticut Superior Court with violating a protective order. *See Connecticut v. Antar*, A22M-CR23-0124387-S. Antar's notice of removal complains that she was arrested without a warrant, that she was denied access to her child's medical records, and that her arrest is in retaliation for her prior legal actions and connections to state and government officials.[1] According to Antar, "[t]he grounds for removal are the Plaintiff's inability to have a fair unbiased tribunal in the state court."[2]

### DISCUSSION

Federal law allows removal of a state criminal prosecution to federal court only under limited circumstances. *See* 28 U.S.C. §§ 1442, 1442a, 1443; *United States v. Petteway*, 2023 WL 423127, at *1 (D. Conn. 2023). Because an improper removal may needlessly disrupt ongoing state criminal proceedings, federal law requires a federal court to "examine the [removal] notice

---

[1] Doc. #1 at 9-10.
[2] *Id.* at 5.

1

promptly," and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Most of the statutory provisions that allow for removal of a state criminal case apply only to prosecutions against government officers for acts done under color of law. *See* 28 §§ 1442, 1442a, 1443(2). Antar, however, does not allege that she is being prosecuted for any official acts performed under color of state or federal law.

The only statutory provision that on its face is arguably applicable to Antar allows for removal of a state criminal case "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). But the United States Supreme Court has narrowly construed this provision to allow for removal only if "the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." *Johnson v. Miss.*, 421 U.S. 213, 219 (1975) (internal quotation marks omitted). Thus, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice," and an allegation "[t]hat a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1)." *Ibid.*; *see also Crown Asset Mgmt., LLC v. Cunningham*, 2022 WL 17660543, at *1 (2d Cir. 2022) (noting that § 1443(1) "allows for removal only where the asserted civil right relates to racial equality").

Although Antar raises multiple objections to her state court prosecution, she does not allege that she has been prosecuted in violation of any civil right relating to racial equality. Accordingly, she does not allege proper grounds for removal of her state court prosecution under federal law.

## CONCLUSION

For the reasons set forth above, the Court REMANDS this action back to the Connecticut Superior Court, Ansonia-Milford Judicial District. Notwithstanding the ordinary 10-day waiting period under D. Conn. L. Civ. R. 83.7, the Clerk of Court shall forthwith remand this action.

It is so ordered.

Dated at New Haven this 3rd day of November 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge